# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HERVE GUERRIER, #1036378 | )<br>) |
| Plaintiff, | ) 3:10-cv-00752-LRH-RAM |
| vs. | ) |
| ROBERT LEGRAND, *et al.*, | ) **ORDER** |
| Defendants. | ) |

On April 7, 2011, the court dismissed with prejudice plaintiff's amended *pro se* civil rights complaint (docket #11). Judgment was entered on April 8, 2011 (docket #12). Before the court is plaintiff's motion for reconsideration and for production of documents (docket #s 13 and 14).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of April 7, 2011, the court dismissed the complaint, which challenges plaintiff's inmate classification, for failure to state a claim for which relief may be granted (docket #11). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration of the Screening Order and for production of documents (docket #s 13 and 14) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the $32.29 initial installment of the filing fee (docket #15) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996, **the Nevada Department of Corrections shall immediately pay to the Clerk of the United States District Court, District of Nevada, the $32.29 initial installment of the filing fee, if sufficient funds exist in the account of Herve Guerrier, Inmate No. 1036378**. Thereafter, as previously set forth in this court's Order dated March 3, 2011 (docket #7), the Nevada Department of Corrections shall pay the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this action. **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box**

1  **7011, Carson City, NV 89702.**

   Dated this 12th day of May, 2011.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE